# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TARRUS HAKEEM KELLY,**
**D.O.C. # P20267,**

    **Plaintiff,**

vs.     Case No.  4:22cv104-MW-MAF

**CENTERIA MEDICAL SERVICE,**
**et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on March 8, 2022, by submitting a § 1983 civil rights complaint, ECF No. 1, an application to proceed without prepaying the filing fee, ECF No. 2, and a memorandum of law, ECF No. 4.  Because Plaintiff did not file a proper motion requesting leave to proceed in forma pauperis, an Order was entered on March 10, 2022, explaining why Plaintiff's in forma pauperis motion was insufficient.  ECF No. 5.  Plaintiff was required to file an amended in forma pauperis motion, supported by a copy of his inmate bank account statement showing the six month period of time as required by 28 U.S.C. § 1915(a)(2).  *Id.*

By April 21, 2022, when nothing was received from Plaintiff, a Report and Recommendation was entered to dismiss this case for failure to prosecute. ECF No. 6. Plaintiff filed an objection to that Report and Recommendation, ECF No. 7, and the Report and Recommendation was vacated, ECF No. 8. Plaintiff was then provided with additional time to properly file an in forma pauperis motion and given additional guidance. ECF No. 9. That Order also reminded Plaintiff that it is <u>his</u> obligation to file a timely notice to the Clerk's Office any time his address changes and to file a motion requesting an extension of time if he is unable to meet a court deadline. *Id.* The Order was clear: "Plaintiff should not simply let a deadline pass, prompting issuance of an Report and Recommendation, and then file objections to an Report and Recommendation." *Id.*

This history is provided because Plaintiff was given until July 5, 2022, to file an amended in forma pauperis motion supported by the required inmate bank account statement. ECF No. 9. Plaintiff was advised that no further action would be taken on this case until Plaintiff complied and, moreover, that if he again failed to comply, another recommendation would be made to dismiss this case. *Id.* Despite that warning, Plaintiff has once again failed to comply.

Case No. 4:22cv104-MW-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and has failed to comply with a Court Order.  Because this is the second

time Plaintiff has done so, no further time should be extended and this case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2022.


       S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**